UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

EDNA BONNER BRIGHT, *et al.*                )
                                             )
v.                                           )     Case No. 4:13-cv-5
                                             )     *Mattice/Carter*
KAREN TOVES, *et al.*                        )

REPORT AND RECOMMENDATION

I. Introduction

Edna Bonner Bright brings this action asking the Court to review an underlying state court judgment entered in the Chancery Court of Lincoln County, Tennessee. Plaintiff has filed an application for *in forma pauperis* status (Doc. 1). For the reasons stated herein, it is RECOMMENDED this action be dismissed with prejudice.

II. Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be

1

granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. Analysis

The plaintiff's complaint names in the caption as plaintiffs the following individuals, as well as Edna Bright: Jimmy Bonner, Carolyn Bonner Bone, George Porter, and Mario Porter; however, Edna Bright is the only plaintiff mentioned by name in the body of the complaint and the only plaintiff whose name appears at the end of the complaint. The complaint is concluded by the typed words, "Respectfully submitted by Edna Bright," but Edna Bright did not sign the complaint.

A party has a right to represent himself in federal court, but in that case, the pro se party must personally sign the pleading. Fed. R. Civ. P. 11(a); 28 U.S.C. § 1654. A pro se party may not, however, appear on behalf of another. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("'B]ecause pro se means to appear for one's self [,] a person may not appear on another person's behalf in the other's cause.'") (quoting *Iannaccone v. Law*, 142F.3d 553, 558 (2d Cir. 1998)). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R. Civ. P. 11(a). Nevertheless, even if this complaint were properly signed by all the plaintiffs named in the caption, it should still be dismissed with prejudice for the reasons stated below.

2

Ms. Bright has named several defendants in the caption of her complaint: Attorney B. Nathan Hunt; Fayetteville Public Utilities Attorney Whitney Stevens, Chancellor J.B. Cox; Chancellor Ben Cantrell, and the County Clerk and Master's Office of Fayetteville, Tennessee. This action arises from a judgment entered by the Chancery Court of Lincoln County which resulted in the loss of Ms. Bright's family home. Ms. Bright argues that Chancellors Ben Cantrell and J.B. Cox made numerous errors in the state court action resulting in the deprivation of her due process and equal protection rights guaranteed under the United States Constitution. She also alleges defendant Karen Toves lied in these court proceedings, that Attorney Stevens made threats against her, and that Attorney B. Nathan Hunt and Chancellor Cantrell and Chancellor Cox perpetrated a "[f]raud upon the court." Ms. Bright states she "want[s] her property back," and she "want[s] those that violated our rights to be held accountable for their actions." (Complaint, Page ID # 16).

The source of plaintiff's alleged injury appears to be a judgment and order rendered by a Tennessee court. To the extent that plaintiff seeks to raise a general challenge to the state-court order, this Court lacks jurisdiction to review his claim pursuant to the doctrine developed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the so-called "*Rooker-Feldman* doctrine," federal district courts lack subject matter jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Cornelius v. Mich. Att'y Grievance Comm'n*, 2013 WL 58772, at * 1 (Jan 7, 2013) (quotation omitted); *see also Berry v. Schmitt*, 688 F.3d 290, 299-300 (6th Cir. 2012). This Court is not a "super-appellate" court, in which a party believing himself aggrieved by a state

3

court may file suit. Insofar as plaintiff believes the Lincoln County Chancery Court's judgment was erroneous, the appropriate vehicle is an appeal in state court, not a discrete federal lawsuit.

In addition to the *Rooker-Feldman* doctrine, there are other reasons why this action should be dismissed with prejudice. Inasmuch as plaintiff seeks redress from a state judicial officer, her claim is foreclosed. A judge performing judicial functions is absolutely immune from suit, even if acting erroneously, maliciously, or in excess of his authority. *See Stump v. Sparkman,* 435 U.S. 349 (1978); *Wellman v. PNC Bank*, 2012 WL 6177120, at *2) (6th Cir. Dec. 11, 2012).

As to Karen Toves, Nathan Hunt, and Whitney Stevens, to the extent plaintiff seeks to bring any state law cause of action against them, this Court lacks subject matter jurisdiction because plaintiff does not allege the citizenship of the defendants or the amount in controversy. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a)."). In addition, plaintiff does not specify what type of relief she seeks in regard to these defendants, and the Court should not guess.

## IV. CONCLUSION

For the reasons stated herein, it is RECOMMENDED[1] plaintiff's action be dismissed with prejudice. If this action is dismissed, it will be unnecessary to consider the *in forma pauperis* application.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).